SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
SCHEER LAW GROUP, LLP
155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
MOS.001-002S

Attorneys for Lender
THE STARK TRUST, DATED 10/19/1998, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bk. No. 15-30083-HLB |
| D J SIMPSON COMPANY aka THE SIMPSON COATINGS GROUP, INC. aka D.J. SIMPSON COMPANY, INC aka D.J. SIMPSON COMPANY, | R.S. No. SPS-102<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ADEQUATE PROTECTION** |
| Debtor. | Hearing-<br>Date: April 20, 2015<br>Time: 2:00 p.m.<br>Place: Bankruptcy Court<br>235 Pine Street, 19th floor, Crtrm. 23<br>San Francisco, CA 94104 |

THE STARK TRUST, DATED 10/19/1998, its successors and/or assignees ("**Lender**" or "**Movant**"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party so that moving party (and its Trustee) may take all steps necessary under State or Federal law to complete its foreclosure under the Deed of Trust and thereafter take possession of the subject property, generally described as 111 South Maple Avenue, South San Francisco, CA 94080 ("**Property**").

//

//

In addition, Lender will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), and California Civil Code § 2924g(d), so that any foreclosure sale may be held without the applicable waiting period specified therein.

This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) for "cause" and due to the following:

1. The failure of Debtor to make required payments to Movant as set forth in the attached Declaration of MICHAEL O. STARK.

2. The failure of Debtor to submit required payments to the senior lienholder, EH National Bank, which also holds a trust deed lien on the subject real property. Debtor has failed to make the post-petition payment to senior lienholder for the month of March 2015. Senior lienholder has commenced its foreclosure, as provided in the Declaration of MICHAEL O. STARK.

3. The Debtor has failed to provide an accounting of cash collateral being generated from the Property despite a Notice of Security Interest in Rents and Profits being filed with this court on February 4, 2015 ("**Notice**") and despite demands for accounting, as specified in the Declaration of Michael O. Stark, in violation of 11 U.S.C. § 363(c)(2). There was or currently is a tenant on the Property subject to this Motion and no accounting has been provided regarding the rents or profits generated from the lease. Either the tenants are occupying the Property without paying rent or Debtor is not reflecting income received. (*See* **Debtor's Status Conference Statement, Docket No. 32, paragraphs 29-30**). This provides additional cause for relief or in the alternative for adequate protection (*See* In re Certified Corp., 51 B.R. 768, 771 (Bankr. D. Haw., 1985). *See also* In re Four Seasons Marine & Cycle, Inc., 263 B.R. 764, 769 (Bankr. E.D. Texas, 2001)).

4. The Debtor has allowed insurance to lapse on the subject real Property and Movant has had to force place insurance coverage, as specified in the Declaration of MICHAEL O. STARK.

In addition, Movant seeks relief pursuant to 11 U.S.C. Section 362(d)(2) and alleges that in accordance with the information set forth in the attached Declaration of Michael

O. Stark, and the Declaration of Arthur O. Neudek, that Debtor does not have any realistic hope for a reorganization, and that there is insufficient equity present in the subject real property to justify the continuance of the Automatic Stay. It appears that the sale of the Property, which is the subject of this Motion, is the only prospect that Debtor has to reorganize and that Debtor will not likely continue business operations. (*See* **Debtor's Status Conference Statement, Docket No. 32, paragraphs 13, 38, 43 and 44**). The value of the subject Property is $3,000,000.00, subject to the subject Property being cleared by the County of San Mateo for environmental contamination, as specified in the Declaration and report of Arthur O. Neudek in Exhibit "2." However, because of the environmental contamination the value of the Property is likely much less.

Debtor has acknowledged the need for inspection and clearance from the County of San Mateo related to environmental contamination and that it may dramatically affect the value of the subject Property. (*See* **Debtor's Status Conference Statement, Docket #32, paragraph 4**). There are currently liens on the Property totaling $2,221,535.25. Based on likely depreciation of the value of the Property due to environmental considerations, there is little or no equity protecting moving party. In addition, the Property must be essential for an effective reorganization that is in prospect (*See* United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (U.S. 1988).

In addition, and in the event that the Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. Sections 361 and 362, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments and pay taxes and insurance related to the Property.

Furthermore, Movant will seek to have Debtor sequester and account for any rents collected from the subject real property, pursuant to 11 U.S.C. Section 546(b), and Section 363. Movant objects to their use without court authorization.

Furthermore, Movant will also seek attorneys' fees and costs incurred in bringing the Motion. Movant requests such fees pursuant to the Note and Deed of Trust securing Movant's claim or pursuant to 11 U.S.C. Section 506(b). Post petition attorneys' fees and costs

for the within motion may be added to the outstanding balance of the subject Note pursuant to Travelers Casualty v. Pacific Gas and Electric Co., 549 U.S. 443 (2007).

In addition, Movant requests such further relief as is just.

This Motion shall be based on these moving papers, the Relief from Stay Information Sheet, the attached Declaration of MICHAEL O. STARK, the attached Declaration of Arthur O. Neudek, and the pleadings and records on file with this Court.

In the event neither the Debtor nor Debtor's counsel or any interested party appears at a hearing on this Motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtor's real Property located at 111 South Maple Avenue, South San Francisco, CA 94080, which is legally described in the Deed of Trust attached to the Declaration of MICHAEL O. STARK as Exhibit "2", under all defaults, including any pre-petition defaults, and thereafter obtain possession of such Property without further hearing, or may enter an order conditioning the continuance of automatic stay.

WHEREFORE, Movant prays for judgment as follows:

1. For an order granting relief from the Automatic Stay, permitting Movant to take all steps necessary under State or Federal law to complete its foreclosure under the Deed of Trust and thereafter take possession of the subject Property;
2. For an order allowing Movant to seek and collect any damages ordered by any Court for the wrongful retention of the subject Property after foreclosure of the subject Property;
3. For an order permitting Movant to offer and provide Debtor with information regarding potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;
4. For an order regarding adequate protection of Movant's interest as this Court deems proper;
5. For attorneys' fees and costs for suit incurred herein;

6. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3); and

7. For such relief as this Court deems appropriate.

                                               SCHEER LAW GROUP, LLP

DATED: March 26, 2015         /s/ Spencer P. Scheer
                                        #107750